```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF TENNESSEE
                     WESTERN DIVISION
```

|                             |   |                  |
|---|---|---|
| UNITED STATES OF AMERICA,   | § |                  |
|     Plaintiff,              | § |                  |
| vs.                         | § | No. 92-20012-Ma(G) |
| GARY E. McDOWELL,           | § |                  |
|     Defendant.              | § |                  |

ORDER DENYING MOTION TO CORRECT JUDGMENT AND COMMITMENT ORDER

On November 5, 2003, defendant Gary McDowell, Bureau of Prisons ("BOP") inmate registration number 13475-076, who is currently incarcerated at the Federal Correctional Institution in Forrest City, Arkansas,[1] filed an irregular motion in his closed criminal case, entitled "Motion to Correct Judgement & Commitment."

On January 14, 1992, a federal grand jury returned a two-count indictment against McDowell. The first count charged him with possessing four hundred forty (440) grams of cocaine base with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1). The second count charged McDowell with using and carrying a firearm during and in connection with the drug trafficking offense, in violation of 18 U.S.C. § 924(c). Pursuant to a written plea agreement, McDowell entered a guilty plea to both counts of the

---

[1] It is not clear that the Clerk is aware of this current address, as it is not reflected in the criminal docket sheet. The Clerk is directed to ensure that a copy of this order is sent to the defendant at his current address.

indictment on October 30, 1992. Paragraph 2(b) of the Plea Agreement states that, pursuant to Fed. R. Crim. P. 11(e)(1), the Government agreed to "recommend to the court [t]hat the defendant receive the low end of the guidelines and that the sentence run concurrent with his state sentence[.] It is understood that said recommendation is not binding on the court."

Then-District Judge Julia Smith Gibbons conducted a sentencing hearing on June 18, 1993, at which time McDowell received consecutive sentences of one hundred fifty-one (151) months on the first count and sixty (60) months on the second count, for a total sentence of two hundred eleven (211) months, to be followed by a five-year period of supervised release. At the sentencing hearing, the following colloquy occurred:

> THE COURT:     . . . Well, what is the situation on the state sentence now?
>
> PROBATION OFFICER BARRY MITCHELL:  I think he has finished.
>
> THE COURT:    He has finished that sentence, so there is no state sentence for this sentence to run concurrent with. That part of the recommendation has become moot by his completion of the state sentence.

06/18/03 Tr. at 5-6.[2] Judgment was entered on June 30, 1993. McDowell appealed the denial of his suppression motion, and the

---

[2] Consistent with the discussion at the sentencing hearing, the presentence report does not reflect any detainers or related cases. The presentence report does indicate that McDowell received a four-year sentence in state court on July 24, 1992 for unlawful possession of a controlled substance with intent to sell, in a case that was filed in 1990. The website maintained by the Tennessee Department of Correction indicates that McDowell's state sentence ended on April 27, 1996.

United States Court of Appeals for the Sixth Circuit affirmed. United States v. McDowell, No. 93-5960, 1994 WL 118073 (6th Cir. Apr. 5, 1994) (per curiam), cert. denied, 513 U.S. 861 (1994).

McDowell filed a motion pursuant to 28 U.S.C. § 2255 on September 1, 1994, which Judge Gibbons denied in an order issued on January 31, 1995. McDowell v. United States, No. 94-2693-G/A (W.D. Tenn.).[3] Judgment was entered on February 7, 1995. The United States Court of Appeals for the Sixth Circuit affirmed. McDowell v. United States, No. 95-5514, 1995 WL 699608 (6th Cir. Nov. 27, 1995).

McDowell filed a second motion pursuant to 28 U.S.C. § 2255 on May 7, 1996, to raise a challenge to his conviction on the firearm count under Bailey v. United States, 516 U.S. 137 (1995). After the Sixth Circuit ruled that McDowell did not require leave to file a § 2255 motion raising his Bailey claim, Judge Gibbons issued an order on December 30, 1997 vacating McDowell's conviction on count 2 and setting a new sentencing hearing on count 1 in light of Pasquarille v. United States, 130 F.3d 220 (6th Cir. 1997). McDowell v. United States, No. 96-2470-G/Bre (W.D. Tenn.).

Judge Gibbons conducted a resentencing hearing on April 24, 1998, at which time McDowell was sentenced to the original term of two hundred eleven (211) months imprisonment, to be followed by a five-year period of supervised release. There was no discussion

---

[3] Although that motion raised several issues about the sentence imposed, McDowell raised no objection to the fact that the sentencing court did not impose a concurrent sentence.

during that hearing about concurrent sentencing, and McDowell did not raise the issue in his sentencing memorandum, filed on April 20, 1998. An amended judgment was entered on May 19, 1998. On May 29, 1998, McDowell filed a motion to reconsider his sentence or, in the alternative, to be permitted to withdraw his guilty plea because the plea agreement permitted withdrawal if his sentence were not at the low end of the guideline range. Judge Gibbons issued an order denying that motion on June 18, 1998. The United States Court of Appeals for the Sixth Circuit reversed and remanded the case to afford McDowell the opportunity to withdraw his guilty plea if the sentence were not near the low end of the guideline range, which was one hundred eighty-eight (188) months. <u>United States v. McDowell</u>, No. 98-5776, 1999 WL 644338 (6th Cir. Aug. 19, 1999).

On remand, Judge Gibbons conducted a third sentencing hearing on January 7, 2000, at which time McDowell was sentenced to one hundred eighty-eight (188) months imprisonment, to be followed by a five-year period of supervised release. Once again, McDowell did not raise any issue about concurrent sentencing at the sentencing hearing or in his sentencing memorandum, which was filed on November 15, 1999.[4] Another amended judgment was entered on January 25, 2000. The United States Court of Appeals for the Sixth

---

[4] At the sentencing hearing, McDowell made some objection to the characterization of the offense at ¶ 28 of the presentence report, although he did not dispute that the state court had imposed a four-year sentence. 01/07/00 Tr. at 10-11. Judge Gibbons concluded that that issue was not properly before the Court. <u>Id.</u> at 21.

4

Circuit affirmed. United States v. McDowell, 8 Fed. Appx. 284 (6th Cir. Mar. 13, 2001).

On November 5, 2003, McDowell filed the instant motion, in which he complains that his judgment and commitment order does not state that his sentence is to run concurrent with an unspecified, unexecuted state sentence.[5] The motion states as follows:

> This error has caused the plaintiff [sic] to loose [sic] four months and 10 days of good time credit because the [F]ederal [B]ureau of [P]rison[s] will not credit the time if it has been credited to a state sentence. The problem is that the plaintiff [sic] was on federal writ and was on release to the feds by the state and any time spent any [sic] federal custody while on federal writ should be credited toward his federal sentence. Even though the state time was running at the time the inmate is on federal writ, the time spent in federal custody should be credited to the plaintiff's [sic] federal sentence. The B.O.P.'s denial of such credit violates the plea agreement, including the judgement [sic] and the statute. The plaintiff [sic] has raised the question as to how to correct the issue of the time taken. The B.O.P. has stated that the plaintiff [sic] needs in writing from the court that the sentences were ran concurrent and that the "Judgement [sic] and Commitment Order" should reflect that concurrency [sic] of the sentence.

D. 11/05/03 Order at 2. It is not clear from the text of the motion whether McDowell was, in fact, serving an unexecuted state sentence when his federal sentence was imposed. Although not clear from the motion, it appears that McDowell seeks credit on his federal sentence for the time he was "borrowed" from state custody during pretrial proceedings in his federal criminal case. McDowell has not

---

[5] McDowell does not discuss, or even acknowledge, the colloquy at his first sentencing hearing to the effect that he was not serving a state sentence when his federal sentence was imposed.

submitted any documents from the BOP reflecting its consideration of this issue.

The first matter to be considered is whether the Court has jurisdiction to grant the relief sought in this motion. McDowell does not cite any statute or rule authorizing the Court to modify his criminal judgment. Rule 35(a) of the Federal Rules of Criminal Procedure authorizes a district court to "correct a sentence that resulted from arithmetical, technical, or other clear error," but only within seven (7) days of sentencing. Likewise, Fed. R. Crim. P. 36 authorizes a district court to "correct a clerical error in a judgment" at any time and "[a]fter giving any notice it considers appropriate." Rule 36 does not authorize a district court to make a substantive change in a defendant's sentence, such as having a federal sentence run concurrent to a state sentence, unless that intent was expressed when the sentence was imposed, and the judgment erroneously failed to reflect that intent. United States v. Ferguson, 918 F.2d 627, 630 (6th Cir. 1990). In this case, the failure to specify in the judgment that the federal sentence was to run concurrent with any unexecuted state sentence is fully consistent with the sentencing judge's understanding that the concurrent sentencing provision of the plea agreement was moot. Accordingly, Rule 36 provides no basis for relief.

To the extent the motion asks the Court to award sentence credit for the time McDowell spent in federal custody before

imposition of his federal sentence, the Court is unable to do so. The commencement and calculation of the term of imprisonment of a federal prisoner, including any award of credits, is governed by 18 U.S.C. § 3585, entitled "Calculation of a term of imprisonment," which states as follows:

> (a) Commencement of sentence. A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585.

This Court cannot grant or compute sentence credits under 18 U.S.C. § 3585(b). That task is reserved for the Attorney General of the United States through the BOP. <u>United States v. Wilson</u>, 503 U.S. 329, 333-34 (1992); <u>United States v. Cobleigh</u>, 75 F.3d 242, 251 (6th Cir. 1996). Unless a prisoner has exhausted his administrative remedies through the BOP, the Court has no jurisdiction over the request for sentence credit. <u>United States v. Westmoreland</u>, 974 F.2d 736 (6th Cir. 1992). The motion in this case

does not document that McDowell has exhausted his administrative remedies and has appealed the matter to the BOP General Counsel.

Even if McDowell properly exhausted his claim, because the claim for sentence credit concerns the execution of McDowell's sentence, rather than its imposition, it is properly raised in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Wright v. United States Bd. of Parole, 557 F.2d 74, 78 (6th Cir. 1977) (habeas corpus is available to a federal prisoner when "the issues raised more accurately challenged the execution of the sentence than its imposition" ); see United States v. Singh, 52 Fed. Appx. 711, 712 (6th Cir. Dec. 6, 2002); cf. United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991) ("Because defendant Jalili is challenging the manner in which the sentence is executed, rather than the validity of the sentence itself, Section 2255 does not apply."). The proper venue for a § 2241 petition is the prisoner's place of confinement. Wright, 557 F.2d at 77 ("The habeas corpus power of federal courts over prisoners in federal custody has been confined by Congress through 28 U.S.C. § 2241 to those district courts within whose territorial jurisdiction the custodian is located."); see also United States v. Griffith, No. 95-1748, 1996 WL 316504, at *2 (6th Cir. June 10, 1996) (to the extent prisoner's filing is construed as § 2241 petition, "the Eastern District of Michigan is not the proper venue to file a § 2241 motion for one incarcerated in Lompoc, California"). McDowell

is confined in Arkansas, and the Western District of Tennessee is not the proper venue for a habeas petition raising his claim.

McDowell's motion for correction of his criminal judgment is DENIED.

Because no reasonable jurist could disagree that this Court is without jurisdiction to grant the relief sought, it is CERTIFIED, pursuant to Fed. R. App. 24(a)(3), that any appeal in this matter by defendant would not be taken in good faith.

IT IS SO ORDERED this 13th day of January, 2006.

_____
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE